UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILL LIETZKE, | )<br>) |
| Plaintiff, | ) 2:18-cv-00222-GMN-NJK<br>) |
| vs. | )<br>) **REPORT AND** |
| CITY OF MONTGOMERY, et al., | ) **RECOMMENDATION**<br>) |
| Defendant. | )<br>) |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

On February 2, 2018, United States District Judge James C. Mahan deemed Plaintiff a vexatious litigant under 28 U.S.C. § 1651(a). *Lietzke v. City of Montgomery, et al.*, 2018 WL 702889, at *1 (D. Nev. Feb. 2, 2018). Judge Mahan further enjoined and prohibited Plaintiff from "filing any new complaint, petition, or other action in this court without first obtaining leave from the Chief Judge of this court." *Id*.

On February 5, 2018, Plaintiff filed the instant action, without first obtaining leave from the Chief Judge. *See* Docket.[1] Therefore, this action is not appropriately filed in this Court.

---

[1] Additionally, all of the events in the complaint appear to have occurred in Alabama; therefore, the District of Nevada is not the appropriate venue for the instant matter. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district." *Greene v. Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761, *2 (E.D. Cal. Mar. 10, 2011) (same), *adopted*, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011).

1   Accordingly, for the reasons stated above,

2   **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis*,

3   Docket No. 1, be **DENIED,** and that this case be **DISMISSED**.

4   Dated: February 12, 2018.

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).